CAMPBELL, Judge.
This appeal was taken by appellants following the entry of an amended nonfinal order granting appellees’ motion to receive dividends without waiving their rights in a separate dissenters’ suit. The dissenters’ suit grew out of the dissent by appellees, shareholders in Tampa Wholesale Company, to an agreement wherein Lucky Stores, Inc. had agreed to acquire substantially all of the assets of Tampa Wholesale. Appellees’ dissent had been rejected by Tampa Wholesale as not in compliance with section 607.-247, Florida Statutes. Appellees filed their action to support their position as dissenting stockholders, and the trial court subsequently entered summary judgment for Tampa Wholesale sustaining its rejection of the dissent. That summary judgment was appealed to this court.
Subsequent to filing the notice of appeal in this case, this court reached a decision on appellees’ appeal from the summary judgment for Tampa Wholesale in the dissenters’ action. Greco v. Tampa Wholesale Co., 417 So.2d 994, No. 80-1288 (Fla. 2d DCA Mar. 31, 1982). The decision in Greco is dispositive of the issues in the immediate appeal. That decision held that summary judgment terminating the Grecos’ rights as dissenting shareholders was in error. Since the appellees’ right to dissent from the exchange agreement was thereby upheld, they are now entitled to receive the fair market value of their stock as of the day prior to *1142 the date on which the vote was effected approving the proposed sale of assets of the corporation, pursuant to section 607.247, Florida Statutes. Since that date predated the dividend date, appellees are not entitled to receive dividends on their dissenting shares. The dividend checks which they received pursuant to the order appealed from must be returned to Tampa Wholesale.
We reverse the order of the trial court and remand this case for further proceedings consistent with this opinion and with Greco v. Tampa Wholesale Company.
REVERSED and REMANDED.
GRIMES, A. C. J., and SCHOONOVER, J., concur.